UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSAN FRANCIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NORTHEAST OHIO NEIGHBORHOOD | ) |
| HEALTH SERVICES, INC., | ) |
| | ) |
| Defendant. | )  **JURY DEMAND ENDORSED HEREON** |

Plaintiff Susan Francis ("Plaintiff") alleges as follows for her Complaint against Defendant Northeast Ohio Neighborhood Health Services, Inc. ("Defendant"):

1. Defendant employed Plaintiff as a Therapist from April 22, 2019 until June 10, 2020.

2. Dr. Erika Staneff ("Dr. Staneff"), the Director of Behavioral Health, supervised Plaintiff.

3. Defendant employed Perry Murdock ("Murdock") as the Director of Human Resources.

4. During her employment with Defendant, Plaintiff was disabled by type 1 diabetes, neuropathy in her legs, and coronary artery disease.

5. Plaintiff's impairments substantially limited one or more of her major life activities.

6. Defendant was aware of Plaintiff's disabilities.

7. Plaintiff has a record of impairments.

8. Defendant regarded Plaintiff as having impairments.

9. Plaintiff took off work to seek medical care for her diabetes at least once per month in July, August, and September 2019. Each time, Plaintiff communicated that she has diabetes to Dr. Staneff.

10. In November 2019, Plaintiff had a stroke. For at least three weeks thereafter, Plaintiff worked in plain sight of Dr. Staneff while Plaintiff wore an eyepatch on her left eye.

11. Plaintiff was qualified for her job as a Therapist.

12. The essential functions of Plaintiff's job as a Therapist included, but were not limited to, counseling clients.

13. Plaintiff could perform the essential functions of her job as a Therapist with a reasonable accommodation for her disabilities.

14. Emergency Rule 4757-5-13 of the Ohio Administrative Code waived any requirement to hold a face-to-face meeting in-person with clients prior to rendering services and allowed for verbal consent when written consent could not be obtained.

15. Defendant did not require clients or employees to wear face masks at Defendant's facilities, or permit Therapists to meet with clients virtually.

16. In the third week of March 2020, Plaintiff had multiple conversations with Dr. Staneff about Defendant reasonably accommodating Plaintiff's disabilities by permitting her to work remotely from home and meet with clients virtually through video conferencing. At the conclusion of each of these conversations, Dr. Staneff did not grant Plaintiff's reasonable accommodation request or suggest anything else.

17. On or about March 24, 2020, Plaintiff was hospitalized due to her diabetes. Plaintiff called Dr. Staneff on the phone from the hospital and explained what had happened. During this phone call, Plaintiff again requested to work remotely as a reasonable accommodation for her disabilities.  Dr. Staneff replied, "Perry [Murdock] isn't allowing it."

18. Plaintiff called Murdock on the phone while Plaintiff was still hospitalized. During this phone call, Plaintiff again requested to work remotely as a reasonable accommodation for her disabilities.  Murdock refused.  Instead, Murdock pressured Plaintiff to take leave under the Family Medical Leave Act.  Plaintiff explained to Murdock that FMLA leave was not a "reasonable accommodation" for Plaintiff because she would have no income and because Plaintiff could still perform the essential functions of her job as a Therapist by meeting with clients virtually.  Murdock refused to grant Plaintiff's reasonable accommodation request or to offer any other suitable reasonable accommodation.

19. Plaintiff did not return to work at Defendant's facilities after March 24, 2020.

20. On April 16, 2020 and again on May 11, 2020, Plaintiff both emailed and mailed doctor's notes to Dr. Staneff and Murdock in which the doctor wrote that Plaintiff has "cardiac problems."

21. On May 12, 2020, Plaintiff emailed Dr. Staneff and Murdock, "I would love the opportunity to work from home — but as you and Perry [Murdock] have said — NEON is not allowing this."

22. On June 3, 2020, Plaintiff emailed Murdock, "Again — I do want to work — but NEON won't allow me to do this from home."

23. Despite Plaintiff's numerous oral and written requests to work remotely from home as a reasonable accommodation for her disabilities, and when Emergency Rule 4757-5-13 of the Ohio Administrative Code permitted remote work, Defendant repeatedly refused to provide Plaintiff with any reasonable accommodation for her disabilities.

24. On June 10, 2020, Defendant terminated Plaintiff.

25. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended.

26. This Court has personal jurisdiction over the claims and parties raised in this Complaint.

27. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in that district.

28. Plaintiff has exhausted her administrative remedies by filing an EEOC charge of Discrimination against Defendant and receiving a Right to Sue Letter from the EEOC.

29. Plaintiff has filed this Complaint within 90 days of Plaintiff's receipt of the EEOC's Right to Sue Letter.

30. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claim set forth herein.

## COUNT I
## DISABILITY DISCRIMINATION

31. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 30 above.

32. In violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended (the "ADA"), Defendant discriminated against Plaintiff because of her disabilities, because of her record of being disabled, or because of perceived disabilities.

33. Plaintiff was qualified for her job.

34. Plaintiff could perform the essential functions of her job with a reasonable accommodation.

35. Defendant discriminated against Plaintiff because of her disabilities.

36. Defendant failed to provide Plaintiff with a reasonable accommodation.

37. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff because of her disabilities, because of her record of being disabled, and because Defendant regarded Plaintiff as disabled.

38. Plaintiff has been damaged by Defendant's disability discrimination.

39. Defendant's conduct is the cause of Plaintiff's damages.

40. Defendant acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

41. Plaintiff is entitled to statutory attorney's fees under the ADA.

WHEREFORE, Plaintiff demands judgment against Defendant for her lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, punitive damages, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

                Respectfully submitted,

                /s/ Brad Levine
                Stephan I. Voudris, Esq.
                Supreme Court No. 0055795
                Brad Levine, Esq.
                Supreme Court No. 0090286
                Voudris Law LLC
                8401 Chagrin Road, Suite 8
                Chagrin Falls, OH 44023
                svoudris@voudrislaw.com
                blevine@voudrislaw.com
                440-543-0670
                440-543-0721 (fax)
                *Counsel for Plaintiff*