UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUSAN FRANCIS, | Case No. 1:21-CV-00669 |
| Plaintiff, | Judge Pamela A. Barker |
| v. | |
| NORTHEAST OHIO NEIGHBORHOOD HEALTH SERVICES, INC., PERRY MURDOCK, AND DR. ERIKA STANEFF, | |
| Defendants. | **JURY DEMAND ENDORSED HEREON** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Susan Francis ("Plaintiff") alleges as follows for her First Amended Complaint against Defendants Northeast Ohio Neighborhood Health Services, Inc. ("NEON"), Perry Murdock ("Murdock"), and Dr. Erika Staneff ("Dr. Staneff") (collectively "Defendants"):

1. Defendants employed Plaintiff as a Therapist from April 22, 2019 until June 10, 2020.

2. Dr. Staneff, the Director of Behavioral Health, supervised Plaintiff.

3. NEON employed Murdock as the Director of Human Resources.

4. During her employment with Defendants, Plaintiff was disabled by type 1 diabetes, neuropathy in her legs, and coronary artery disease.

5. Plaintiff's impairments substantially limited one or more of her major life activities.

6. Defendants were aware of Plaintiff's disabilities.

7. Plaintiff has a record of impairments.

8. Defendants regarded Plaintiff as having impairments.

9. Plaintiff took off work to seek medical care for her diabetes at least once per month in July, August, and September 2019.  Each time, Plaintiff communicated that she has diabetes to Dr. Staneff.

10. In November 2019, Plaintiff had a stroke.  For at least three weeks thereafter, Plaintiff worked in plain sight of Dr. Staneff while Plaintiff wore an eyepatch on her left eye.

11. Plaintiff was qualified for her job as a Therapist.

12. The essential functions of Plaintiff's job as a Therapist included, but were not limited to, counseling clients.

13. Plaintiff could perform the essential functions of her job as a Therapist with a reasonable accommodation for her disabilities.

14. Emergency Rule 4757-5-13 of the Ohio Administrative Code waived any requirement to hold a face-to-face meeting in-person with clients prior to rendering services and allowed for verbal consent when written consent could not be obtained.

15. Defendants did not require clients or employees to wear face masks at NEON's facilities, or permit Therapists to meet with clients virtually.

16. In the third week of March 2020, Plaintiff had multiple conversations with Dr. Staneff about Defendants reasonably accommodating Plaintiff's disabilities by permitting her to work remotely from home and meet with clients virtually through video conferencing.  At the conclusion of each of these conversations, Dr. Staneff did not grant Plaintiff's reasonable accommodation request or suggest anything else.

17. On or about March 24, 2020, Plaintiff was hospitalized due to her diabetes. Plaintiff called Dr. Staneff on the phone from the hospital and explained what had happened. During this phone call, Plaintiff again requested to work remotely as a reasonable accommodation for her disabilities. Dr. Staneff replied, "Perry [Murdock] isn't allowing it."

18. Plaintiff called Murdock on the phone while Plaintiff was still hospitalized. During this phone call, Plaintiff again requested to work remotely as a reasonable accommodation for her disabilities. Murdock refused. Instead, Murdock pressured Plaintiff to take leave under the Family Medical Leave Act. Plaintiff explained to Murdock that FMLA leave was not a "reasonable accommodation" for Plaintiff because she would have no income and because Plaintiff could still perform the essential functions of her job as a Therapist by meeting with clients virtually. Murdock refused to grant Plaintiff's reasonable accommodation request or to offer any other suitable reasonable accommodation.

19. Plaintiff did not return to work at NEON's facilities after March 24, 2020.

20. On April 16, 2020 and again on May 11, 2020, Plaintiff both emailed and mailed doctor's notes to Dr. Staneff and Murdock in which the doctor wrote that Plaintiff has "cardiac problems."

21. On May 12, 2020, Plaintiff emailed Dr. Staneff and Murdock, "I would love the opportunity to work from home — but as you and Perry [Murdock] have said — NEON is not allowing this."

22. On June 3, 2020, Plaintiff emailed Murdock, "Again — I do want to work — but NEON won't allow me to do this from home."

23. Despite Plaintiff's numerous oral and written requests to work remotely from home as a reasonable accommodation for her disabilities, and when Emergency Rule 4757-5-13 of the Ohio Administrative Code permitted remote work, Defendants repeatedly refused to provide Plaintiff with any reasonable accommodation for her disabilities.

24. On June 10, 2020, Defendants terminated Plaintiff.

25. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended, and supplemental jurisdiction over her state law claims.

26. This Court has personal jurisdiction over the claims and parties raised in this Complaint.

27. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in that district.

28. Plaintiff has exhausted her administrative remedies by filing an EEOC charge of Discrimination against Defendants and receiving a Right to Sue Letter from the EEOC.

29. Plaintiff has filed this First Amended Complaint within 90 days of Plaintiff's receipt of the EEOC's Right to Sue Letter.

30. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## DISABILITY DISCRIMINATION
### Under the Americans with Disabilities Act and the Ohio Civil Rights Act

31. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 30 above.

32. In violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended (the "ADA"), the Ohio Civil Rights Act, and O.R.C. Section 4112.02, NEON discriminated against Plaintiff because of her disabilities, because of her record of being disabled, or because of perceived disabilities.

33. Plaintiff was qualified for her job.

34. Plaintiff could perform the essential functions of her job with a reasonable accommodation.

35. NEON discriminated against Plaintiff because of her disabilities.

36. NEON failed to provide Plaintiff with a reasonable accommodation.

37. Plaintiff suffered an adverse employment action when NEON terminated Plaintiff because of her disabilities, because of her record of being disabled, and because NEON regarded Plaintiff as disabled.

38. Plaintiff has been damaged by NEON's disability discrimination.

39. NEON's conduct is the cause of Plaintiff's damages.

40. NEON acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

41. Plaintiff is entitled to statutory attorney's fees under the ADA.

## COUNT II
## AIDING & ABETTING

42. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 41 above.

43. Plaintiff brings this action under Ohio Revised Code Section 4112.02(J).

44. Defendants have aided in the disability discrimination of Plaintiff.

45. Defendants have abetted in the disability discrimination of Plaintiff.

46. Plaintiff has been damaged by Defendants' aiding or abetting.

47. Defendants' conduct is the cause of Plaintiff's damages.

48. Defendants acted with actual malice, entitling Plaintiff to punitive damages and her attorney's fees and costs.

## COUNT III
### NEGLIGENT TRAINING, RETENTION & SUPERVISION

49. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 48 above.

50. Dr. Staneff and Murdock are guilty of violating Ohio Revised Code Section 4112.02(J).

51. NEON had a duty to use due care in training, retaining, and supervising Dr. Staneff and Murdock.

52. NEON breached its duty to use due care in training, retaining, and supervising Dr. Staneff and Murdock.

53. Plaintiff has been damaged by NEON's failure to use due care.

54. NEON conduct is the cause of Plaintiff's damages.

## COUNT IV
### FAILURE TO PRODUCE REQUESTED RECORDS

55. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 54 above.

56. On or about July 29, 2020, a person acting on behalf of Plaintiff sent a request to Defendant for documents and records required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

57. Defendant received a request for documents and records regarding Plaintiff that are required to be kept and produced pursuant to Ohio Revised Code Section 4111.14(F)-(G).

58. Defendant did not produce any documents or records in response to the request.

59. Plaintiff may bring this action pursuant to Ohio Revised Code Section 4111.14(K).

60. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to Section 34(a) of Article II of the Ohio Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for her lost wages, reinstatement or front pay, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, punitive damages, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, an Order requiring Defendants to produce the requested records, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

        Respectfully submitted,

        /s/ Brad Levine
        Stephan I. Voudris, Esq.
        Supreme Court No. 0055795
        Brad Levine, Esq.
        Supreme Court No. 0090286
        Voudris Law LLC
        8401 Chagrin Road, Suite 8
        Chagrin Falls, OH 44023
        svoudris@voudrislaw.com
        blevine@voudrislaw.com
        440-543-0670
        440-543-0721 (fax)
        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October 2021, the foregoing was served via this Court's Electronic Filing System to Jazmine R. Greer, Esq., counsel for NEON.

        /s/ Brad Levine